IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNETTE ELIZABETH WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-107 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| JANSSEN PHARMAURICAL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff's Complaint will be dismissed for lack of subject matter jurisdiction, without prejudice to the filing of an amended complaint.

This Court owes a duty to raise, *sua sponte*, matters regarding the existence of subject matter jurisdiction. Huber v. Taylor, 532 F.3d 237, 249 (3d Cir. 2008). In this case, Plaintiff's *pro se* Complaint alleges federal question jurisdiction. See Complaint (Doc. 3) at 3. Plaintiff does not cite or reference any relevant federal statute. The sum-total of Plaintiff's factual averments are regarding an event at St. Vincent Hospital occurring on June 18, 2019. As best as the Court can discern, Plaintiff avers that a doctor prescribed her blood thinner but did not tell her what kind of blood thinner it was, nor the side effects of the thinner. Plaintiff was eventually diagnosed with a blood clot, and at St. Vincent Hospital, where she was sent to receive some testing, Plaintiff avers the blood thinner caused her spleen to "erupt." Id. at 5. Plaintiff's claims—to the extent they are actionable at all—most clearly resonate in tort, which is a matter of state law. There is no apparent basis for exercising federal question jurisdiction on the facts alleged. See Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006) ("A claim invoking federal-question jurisdiction . . . may be dismissed for want of subject-matter jurisdiction if it is not

colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'") (quoting Bell v. Hood, 327 U.S. 678, 682–83 (1946)).

The case, therefore, must be dismissed. Given the Court of Appeals for the Third Circuit's recognition, however, that a plaintiff should be afforded notice and an opportunity to respond before a case is dismissed with prejudice for lack of subject matter jurisdiction, the Court will allow Plaintiff to file an amended complaint.

Should Plaintiff wish to file an amended complaint, she must do so by **April 13, 2021**. If Plaintiff does not timely file an amended complaint, identifying a valid jurisdictional basis for proceeding, the Court will convert the dismissal to one with prejudice. Finally, Plaintiff must make last, best efforts in these regards, because further opportunity for amendment will not be afforded.

    IT IS SO ORDERED.

March 30, 2021                                                                s/Cathy Bissoon
                                                                              Cathy Bissoon
                                                                              United States District Judge

cc (via First-Class U.S. Mail):

Annette Elizabeth Williams
36070 Oakmont Dr.
Union City, PA 16438