IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNETTE ELIZABETH WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 21-107 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| JANSSEN PHARMAURICAL, *et al.*, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On March 30, 2021, the Court dismissed Plaintiff's Complaint (Doc. 3) without prejudice to the filing of an amended complaint by April 13, 2021.  Doc. 4.  On April 12, 2021, Plaintiff moved for an extension of time to file an amended complaint, which the Court granted, giving her an additional 10 days.  Doc. 6.  On April 23, 2021, Plaintiff filed an Amended Complaint. Doc. 7.

Although Plaintiff has timely filed an Amended Complaint (Doc. 7), the amended pleading does not comply with Federal Rule 8.  See Fed. R. Civ. P. 8(a) (requiring "short and plain statement[s]" showing that the pleader is entitled to relief) and 8(d)(1) ("Each allegation must be simple, concise, and direct.").  Stated in the simplest possible terms, the Court does not understand what Plaintiff is alleging, beyond a general understanding that the complaint relates to a medication prescribed to her and a visit to St. Vincent Hospital.[1]  To the extent that the

---

[1] The Amended Complaint does not contain any meaningful factual averments.  Plaintiff has added one additional defendant and attached numerous exhibits which appear to be medical records.  When read together with her previously filed Complaint (Doc. 3), the Court assumes Plaintiff's allegations are related to an event at St. Vincent Hospital, but Plaintiff's allegations are far from clear.

Plaintiff has attempted to describe the circumstances surrounding this, the Court cannot understand her allegations to a degree that it may determine a legal-framework to apply, let alone to test the sufficiency of her allegations.

Moreover, Court is unable to discern the basis for subject matter jurisdiction. Again, Plaintiff does not cite or reference any relevant federal statute. Again, there is no apparent basis for exercising federal question jurisdiction on the facts alleged. See <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 513 n.10 (2006) ("A claim invoking federal-question jurisdiction . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'") (quoting <u>Bell v. Hood</u>, 327 U.S. 678, 682–83 (1946)). The Court previously explained to Plaintiff these deficiencies, allowed her an opportunity for amendment and directed that she must identify "a valid jurisdictional basis for proceeding," and that she must "make last, best efforts in these regards, because further opportunity for amendment will not be afforded." Doc. 4 at 2. There has been little (if any) improvement, and the Court has no reason to conclude that additional amendment will remedy the situation.

For these reasons, and consistent with the Court's Order dated March 30, 2021 (Doc. 4), the case now is dismissed with prejudice, and a Rule 58 judgment order will issue.

IT IS SO ORDERED.

April 26, 2021                                          <u>s/Cathy Bissoon</u>
                                                        Cathy Bissoon
                                                        United States District Judge

cc (via First-Class U.S. Mail):

Annette Elizabeth Williams
36070 Oakmont Dr.
Union City, PA 16438